**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMES E. NICHOLSON,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
CH-0752-15-0452-I-1

DATE: November 9, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James E. Nicholson</u>, Chicago, Illinois, pro se.

<u>Christopher P. McNamee</u>, Esquire, Hines, Illinois, for the agency.

<u>Timothy B. Morgan</u>, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which dismissed as untimely filed the appeal of his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On January 29, 2015, the agency proposed to remove the appellant from his File Clerk position based on the charge of Unexcused/Unauthorized Absence for the period from September 15, 2014, "until present." Initial Appeal File (IAF), Tab 4 at 7-8. On March 2, 2015, the agency issued a decision letter finding the charge sustained, warranting the appellant's removal, effective that same day. *Id.* at 11-12. The letter advised the appellant that his appeal to the Board must be filed no later than 30 calendar days after the effective date of the action or 30 days after his receipt of the decision letter. *Id.* at 12. On May 14, 2015, the appellant filed an appeal with the Board, IAF, Tab 1, stating that he had received both the notice of proposed removal and the decision letter on May 6, 2015, *id.* at 2-3.

¶3 In a May 19, 2015 order, the administrative judge advised the appellant that it appeared that his appeal was filed 43 days late and that, if the apparent untimeliness was due to his late receipt of the agency's decision letter, he must submit evidence and argument as to the date he received it, along with any postal receipts or other proof of mailing. IAF, Tab 3. The administrative judge also

advised the appellant that, if he did not file his appeal on time, he must submit evidence and argument showing that good cause existed for the delay and that his submission must be filed within 10 calendar days of the date of the order. *Id.* The appellant did not respond. The agency moved that the appeal be dismissed as untimely filed. IAF, Tab 4.

¶4 Subsequently, the administrative judge issued an initial decision dismissing the appeal as untimely filed. IAF, Tab 5, Initial Decision (ID) at 1, 6. He found that both the notice of proposed removal and the decision letter were sent to the appellant at his address of record and that he was presumed to have received both documents. 5 C.F.R. § 1201.22(b)(3). The administrative judge also found that the appellant's bare assertion that he received both agency letters on May 6, 2015, failed to rebut the presumption that he had received the March 2, 2015 decision letter on March 7, 2015. ID at 4-5. Further noting that the appellant had failed to respond to his timeliness order, the administrative judge found that the appeal was untimely filed. ID at 3-5. He then found that, inasmuch as the appellant had not provided any explanation as to why his appeal was not timely filed, he had not shown good cause for its untimeliness. ID at 5-6.

¶5 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶6 On review, the appellant argues for the first time that he was not able to submit "[his] evidence" because he was incarcerated beginning August 28, 2014, PFR File, Tab 1 at 3, 9, and he submitted evidence showing that he was released on April 10, 2015, *id.* at 11. The appellant also states that he never received the proposal notice that the agency sent by United Parcel Service because it was sent to the wrong address, *id.* at 5, that he did not sign for it, *id.* at 16, and that whoever did so signed his name incorrectly on the form as "James Nichols" instead of "James Nicholson," *id.* at 9; IAF, Tab 4 at 9.

¶7 The Board will not consider an argument raised for the first time on petition for review absent a showing that it is based on new and material evidence not

previously available despite the party's due diligence. *Hodges v. Office of Personnel Management*, 101 M.S.P.R. 212, ¶ 7 (2006) (refusing to consider the appellant's arguments, raised for the first time on review, in support of her position that she had good cause for untimely refiling her appeal) (citing *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980)). We see no evidence indicating that the appellant could not have raised before the administrative judge his good cause arguments regarding the timeliness of his appeal or that he could not have asked for an extension of time to file his response to the timeliness order. The administrative judge served the timeliness order on the appellant at the address he provided on his appeal form. IAF, Tabs 1, 3. On review, the appellant offers no explanation for his failure to respond to the administrative judge's order. PFR File, Tab 1; *see* IAF, Tab 3; ID at 3. Under the circumstances, we agree with the administrative judge's dismissal of the appeal as untimely filed.

¶8         Even if we were to consider the appellant's arguments on review, his explanations do not support a finding that his appeal was timely filed or that good cause existed for the delay. He contends that the agency mailed the "letter of termination" to the wrong address. PFR File, Tab 1 at 5. The agency mailed the decision letter to the appellant at his address of record by regular and certified mail,[2] IAF, Tab 4 at 10-17, and, as the administrative judge found, it is presumed to have been duly delivered, 5 C.F.R. § 1201.22(b)(3). While the appellant was apparently incarcerated at that time, he does not suggest, nor does it otherwise appear, that he so advised the agency. It is his responsibility to ensure the timely forwarding of his own mail. *See D'Aquin v. Office of Personnel Management*, 65 M.S.P.R. 499, 503 (1994). Moreover, based on the address he provided with his appeal and a document he submitted from the Illinois Department of Corrections, he was released to the home of a friend and now resides there, not at

---

[2] The agency asserts that it also sent the decision letter by United Parcel Service, IAF, Tab 4 at 9, but its evidence does not support that assertion, *id.* at 15-17.

his address of record with the agency. IAF, Tab 1 at 1; PFR File, Tab 1 at 11. But this change did not take effect until after the decision letter was issued and so does not support the appellant's claim that the agency mailed that letter to the wrong address. Finally, to the extent the appellant alleges that "[w]hoever signed for the mail put [his] name incorrectly on the form," PFR File, Tab 1 at 9; IAF, Tab 4 at 9, that document was not the decision letter, but rather, the notice of proposed removal, and it therefore has no bearing on the timeliness of his appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se

Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.